UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

MIRNA TEC CUZ, on behalf of herself, individually, and on behalf of all others similarly situated,

Plaintiff,

-against-

ZEZO FOOD SERVICES LLC, d/b/a POPEYE'S LOUISIANA KITCHEN; FRESH POND FOOD LLC, d/b/a POPEYE'S LOUISIANA KITCHEN; AAA FOOD SERVICES LLC, d/b/a POPEYE'S LOUISIANA KITCHEN; ZK FOOD SERVICES LLC; ZEYAD FARR, individually; and KHALED HAJAHMED, individually,

Defendants.

---------------------------------------------------------------X

Civil Case No.:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

**COLLECTIVE ACTION**

**CLASS ACTION**

Plaintiff MIRNA TEC CUZ ("Plaintiff"), on behalf of herself, individually, and on behalf of all others similarly-situated ("FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through her attorneys, STEVENSON MARINO LLP and KATZ MELINGER PLLC, as and for her Complaint against ZEZO FOOD SERVICES LLC, d/b/a POPEYE'S LOUISIANA KITCHEN; FRESH POND FOOD LLC, d/b/a POPEYE'S LOUISIANA KITCHEN; AAA FOOD SERVICES LLC, d/b/a POPEYE'S LOUISIANA KITCHEN; ZK FOOD SERVICES LLC; ZEYAD FARR, individually; and KHALED HAJAHMED, individually (collectively, "Defendants"), alleges upon knowledge as to herself and her own actions, and upon information and belief as to all other matters, as follows:

## NATURE OF THE CASE

1. This is a civil action for damages and equitable relief based upon Defendants' violations of Plaintiff's rights guaranteed to her by: (i) the overtime provisions of the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160 et seq., and New York Comp. Codes R. & Regs ("NYCRR") Tit. 12, § 142-2.2; (iii) the spread-of-hours regulations under the NYCRR, 12 NYCRR § 142-2.4, which require employers to pay employees an additional hour of pay at the minimum wage rate when their workday spans more than ten hours; (iv) the New York City Fair Workweek Law ("NYCFWW"), NYC Admin. Code § 20-1201 et seq.; (v) the NYLL's requirement that employers furnish employees with wage notices upon hire containing specific categories of accurate information, NYLL § 195(1); (vi) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3), as codified in the New York Wage Theft Prevention Act (the "WTPA"); (vii) the requirement that employers file accurate information returns under the Internal Revenue Code, 26 U.S.C. § 7434; and (viii) any other cause(s) of action that can be inferred from the facts alleged herein.

2. Plaintiff brings her FLSA overtime claims as a collective action under 29 U.S.C. § 216(b), and her NYCFWW, NYLL spread-of-hours, NYLL § 195(1) wage notice, NYLL § 195(3) wage statement, and Internal Revenue Code claims as class actions under Federal Rule of Civil Procedure 23.

## PRELIMINARY STATEMENT

3. Defendants Zezo Food Services LLC, Fresh Pond Food LLC, AAA Food Services LLC, and ZK Food Services LLC operate a group of Popeye's Louisiana Kitchen fast-food franchise restaurants in Brooklyn and Queens, New York, owned and controlled by individual Defendants Zeyad Farr and Khaled Hajahmed.

4. Like many establishments in the fast-food industry, these restaurants employ hourly workers who prepare food, serve customers, and maintain operations across shifts throughout the week.

5. From in or around March 2024 through December 20, 2024, Plaintiff Mirna Tec Cuz worked for Defendants at two of their Popeye's franchise locations: first at the restaurant located at 3174 Steinway Street in Astoria, Queens (the "Queens Popeye's"), and then at the restaurant located at 1465 Myrtle Avenue in Brooklyn (the "Brooklyn Popeye's").

6. Throughout her employment, Plaintiff consistently worked well in excess of forty hours per week. Defendants, however, failed to pay Plaintiff the overtime premium required under federal and state law for any of her hours worked over forty per week.

7. While working at the Queens Popeye's, Defendants paid Plaintiff exclusively in cash. These cash payments were not reported in Plaintiff's annual W-2 forms, constituting fraudulent information returns in willful violation of the Internal Revenue Code, 26 U.S.C. § 7434.

8. Defendants' violations extended further still. Defendants failed to pay Plaintiff spread-of-hours compensation on days her shift spanned more than ten hours; failed to provide the schedule change premiums required under the New York City Fair Workweek Law; failed to furnish Plaintiff with an accurate wage notice at hire; and failed to furnish Plaintiff with accurate wage statements on each payday.

9. Plaintiff brings this lawsuit individually and on behalf of similarly situated employees who worked for Defendants and were subjected to the same unlawful pay practices and employment policies.

## JURISDICTION AND VENUE

10. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, et seq. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising out of New York law and the New York City Administrative Code.

11. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(1), as Defendants reside within this judicial district.

## PARTIES

***Plaintiff***

12. Plaintiff Mirna Tec Cuz is an individual who, at all times relevant to this Complaint, was and is a resident of Queens, New York.

13. Plaintiff was employed by Defendants in New York from in or around March 2024 through December 20, 2024, working at Defendants' Popeye's Louisiana Kitchen franchise restaurants located at 3174 Steinway Street, Astoria, New York 11103, and at 1465 Myrtle Avenue, Brooklyn, New York 11237.

14. At all relevant times herein, Plaintiff was a covered "person" and an "employee" of Defendants within the meaning of the FLSA, NYLL, NYCRR, NYCFWW, and IRC.

***Defendants***

15. At all relevant times herein, Defendant Zezo Food Services LLC, d/b/a Popeye's Louisiana Kitchen, was and is a limited liability company operating a Popeye's Louisiana Kitchen franchise restaurant, with a principal place of business located at 1465 Myrtle Avenue, Brooklyn, New York 11237.

16. At all relevant times herein, Defendant Fresh Pond Food LLC, d/b/a Popeye's Louisiana Kitchen, was and is a limited liability company operating a Popeye's Louisiana Kitchen franchise restaurant, with a principal place of business located at 62-59 Fresh Pond Road, Queens, New York 11385.

17. At all relevant times herein, Defendant AAA Food Services LLC, d/b/a Popeye's Louisiana Kitchen, was and is a limited liability company operating a Popeye's Louisiana Kitchen franchise restaurant, with a principal place of business located at 709 Brighton Beach Avenue, Brooklyn, New York 11235.

18. At all relevant times herein, Defendant ZK Food Services LLC was and is a limited liability company, with a principal place of business located at 1918 60th Street, Ridgewood, New York 11204.

19. Defendants Zezo Food Services LLC, Fresh Pond Food LLC, AAA Food Services LLC, and ZK Food Services LLC (collectively, the "Corporate Defendants") together own, operate, and manage multiple Popeye's Louisiana Kitchen fast-food franchise restaurants throughout Brooklyn and Queens, New York, including the Queens Popeye's located at 3174 Steinway Street, Astoria, New York 11103 and the Brooklyn Popeye's located at 1465 Myrtle Avenue, Brooklyn, New York 11237, at which Plaintiff worked.

20. At all relevant times herein, each Corporate Defendant was an "employer" within the meaning of the FLSA. The Corporate Defendants' qualifying annual business exceeds $500,000.00, they employ two or more people, and they were and are engaged in interstate commerce within the meaning of the FLSA, as they regularly purchased food ingredients and supplies that originated from outside New York and moved in interstate commerce, accepted credit card payments processed through interstate banking systems, and engaged in other interstate

commerce activities, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

21. Each Corporate Defendant is a "fast food establishment" under the NYCFWW because it is part of a chain with 30 or more establishments nationally where patrons order and pay before eating.

22. At all relevant times herein, Defendant Zeyad Farr is an individual who owns, operates, and controls the Corporate Defendants' Popeye's franchise restaurants. Defendant Farr is an "employer" and "person" within the meaning of the FLSA, NYLL, and NYCFWW. At all relevant times, Defendant Farr had the power to hire and fire employees, set wages and work schedules, and control the terms and conditions of employment at the restaurants.

23. At all relevant times herein, Defendant Khaled Hajahmed is an individual who owns, operates, and controls the Corporate Defendants' Popeye's franchise restaurants. Defendant Hajahmed is an "employer" and "person" within the meaning of the FLSA, NYLL, and NYCFWW. At all relevant times, Defendant Hajahmed had the power to hire and fire employees, set wages and work schedules, and control the terms and conditions of employment at the restaurants.

24. At all relevant times herein, all of the Corporate Defendants were and are horizontal joint employers of Plaintiff and similarly situated employees within the meaning of the FLSA and NYLL, in that each Corporate Defendant separately employed Plaintiff at different times, and are and were sufficiently associated with or related to each other with respect to the Plaintiff and others similarly situated.

25. The Corporate Defendants were and are sufficiently associated with one another to constitute horizontal joint employers because: (1) Defendants Farr and Hajahmed own and control

all four Corporate Defendants, creating a common ownership structure linking every Defendant in this action; (2) the Corporate Defendants share overlapping officers and managers, namely Defendants Farr and Hajahmed, who exercise authority over all restaurant locations regardless of which entity nominally employs a given worker; (3) the Corporate Defendants share centralized control over operational functions, including hiring, firing, payroll, advertising, and overhead costs, managed by and through Defendants Farr and Hajahmed; (4) the Corporate Defendants' operations are intermingled, with the same individuals scheduling and paying employees across all restaurant locations irrespective of which Corporate Defendant is the nominal employer of record; (5) the Corporate Defendants treat employees as a shared pool available to work across all of their restaurant locations, as evidenced by Plaintiff's transfer from the Queens Popeye's to the Brooklyn Popeye's, which were two locations operated by distinct Corporate Defendants, during the course of her employment; and (6) the Corporate Defendants share customers and the Popeye's Louisiana Kitchen franchise brand across their collectively operated restaurant locations.

26. Because the Corporate Defendants are not completely disassociated with respect to the employment of Plaintiff and similarly situated employees, and because one employer controls, is controlled by, or is under common control with the others, all Defendants are jointly and severally liable as horizontal joint employers of Plaintiff and all similarly situated employees.

27. In addition, at all relevant times herein, the Corporate Defendants constituted a single integrated enterprise within the meaning of the FLSA, in so far as they were: (1) engaged in related activities; (2) performed through unified operation or common control; and (3) for a common business purpose.

28. The Corporate Defendants engage in related activities: all operate Popeye's Louisiana Kitchen fast-food franchise restaurants throughout Brooklyn and Queens, New York, providing mutually supported services to the substantial advantage of each entity.

29. The Corporate Defendants operate under common control: Defendants Farr and Hajahmed jointly own, manage, and direct all four Corporate Defendants, exercising unified authority over hiring, scheduling, compensation, and day-to-day restaurant operations as persons "acting together" within the meaning of the single enterprise doctrine.

30. The Corporate Defendants share a common business purpose: each is engaged in commercial activity in competition with other private entrepreneurs, namely, fast-food restaurant operations in the New York City market, and together they constitute two or more entities engaging in complementary businesses that are substantially operationally interdependent.

31. Accordingly, the Corporate Defendants must be treated as a single enterprise for all purposes of determining FLSA coverage and liability.

32. Defendant Zeyad Farr is an "employer" of Plaintiff and similarly situated employees within the meaning of the FLSA and NYLL by reason of both his operational control and his direct control over the Corporate Defendants and their employees.

33. As a co-owner of all Corporate Defendants, Defendants Farr and Hajahmed ("Individual Defendants") jointly and mutually exercised authority over the management, supervision, and oversight of the Corporate Defendants' restaurant affairs in general, constituting operational control over the enterprise as a whole.

34. The Individual Defendants also jointly and mutually exercised direct control over Plaintiff and similarly situated employees: they had the power to hire and fire employees at the Corporate Defendants' restaurants; supervised and controlled employee work schedules and

conditions of employment; determined the rate and method of payment for those employees, including the decision to pay Plaintiff exclusively in unreported cash wages while she worked at the Queens Popeye's; and were responsible for maintaining employment records for Plaintiff and similarly situated employees.

## COLLECTIVE ACTION ALLEGATIONS

35. Plaintiff brings this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), on her own behalf, as well as on behalf of those in the following collective:

> Current and former employees who, during the applicable FLSA limitations period, performed any work at Defendants' Popeye's Louisiana Kitchen franchise restaurants located in Brooklyn and Queens, New York, who worked over 40 hours per week, and who consent to file a claim to recover damages for: (1) overtime compensation that is legally due to them; and/or (2) liquidated damages that are legally due to them ("FLSA Plaintiffs").

36. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar duties as hourly employees at Defendants' restaurants; (2) were paid through the same compensation practices, receiving less than the required one and one-half times their regular rates of pay for all hours worked over forty per week; (3) were required to work in excess of forty hours in a workweek; and (4) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

37. At all relevant times, Defendants were aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose not to do so.

38. The precise number of FLSA Plaintiffs should be readily available from a review of Defendants' personnel, scheduling, time, and payroll records, and from input received as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b).

39. All FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation at one and one-half times their regular rates of pay for all hours worked per workweek above forty, in violation of the FLSA.

## CLASS ACTION ALLEGATIONS (FRCP 23)

40. In addition to the collective action claims brought pursuant to the FLSA, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on her own behalf, as well as on behalf of those who are similarly situated who, during the applicable limitations period, were subjected to violations of the NYLL, the NYCRR, the NYCFWW, and the Internal Revenue Code.

41. Plaintiff seeks certification of the following FRCP 23 class:

> Current and former fast-food employees who performed any work for Defendants at their Popeye's Louisiana Kitchen franchise restaurants in New York during the applicable statutory period ("Rule 23 Plaintiffs").

### Numerosity and Ascertainability

42. During the applicable statutory period, Defendants have employed at least forty employees who are putative members of this class.

43. The precise number of the Rule 23 Plaintiffs is readily ascertainable through a review of Defendants' personnel, scheduling, time, and payroll records.

### Common Questions of Law and/or Fact

44. There are questions of law and fact common to each Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class,

including but not limited to the following: (1) whether Defendants provided Rule 23 Plaintiffs with accurate wage notices at the time of hire containing the information required by NYLL § 195(1); (2) whether Defendants furnished Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by NYLL § 195(3); (3) whether Defendants failed to pay Rule 23 Plaintiffs spread-of-hours compensation when their workdays spanned more than ten hours, in violation of 12 NYCRR § 142-2.4; (4) whether Defendants failed to provide Rule 23 Plaintiffs with the schedule change premiums required under the NYC Fair Workweek Law, NYC Admin. Code § 20-1222; (5) whether Defendants furnished Rule 23 Plaintiffs with accurate information returns (W-2 forms) that properly reported all compensation paid; (6) whether Defendants have any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (7) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL, the NYCRR, the NYC Fair Workweek Law, and the Internal Revenue Code; and (8) if so, what constitutes the proper measure of damages.

**Typicality of Claims and/or Defenses**

45. As described in the factual allegations below, Defendants employed Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL and the NYCFWW. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs, as the Rule 23 Plaintiffs: worked for Defendants as hourly, non-managerial employees in New York; Defendants did not pay them spread-of-hours compensation when their workdays exceeded ten hours; Defendants did not provide them with accurate wage notices at the time of hire; Defendants did not furnish them with accurate wage statements on each payday; Defendants failed to pay them the schedule change premiums required by the NYC Fair Workweek Law; Defendants failed to offer newly available shifts to existing employees before hiring new employees or using other means to fill those shifts; and Defendants

failed to provide them with accurate W-2 forms that reflected all compensation paid. Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL, the NYCRR, the NYC Fair Workweek Law, and the Internal Revenue Code, and have sustained similar damages as a result of Defendants' failure to comply with these laws and supporting regulations.

**Adequacy**

46. Plaintiff worked the same or similar hours as the Rule 23 Plaintiffs throughout her employment with Defendants. Defendants did not pay Plaintiff spread-of-hours compensation, did not provide Plaintiff with an accurate wage notice at the time of hire, did not furnish Plaintiff with accurate wage statements on each payday, did not pay Plaintiff the schedule change premiums required by the NYC Fair Workweek Law, failed to offer Plaintiff newly available shifts before hiring new employees, and did not provide Plaintiff with accurate W-2 forms, which is substantially similar to how Defendants treated the Rule 23 Plaintiffs. Plaintiff anticipates providing discovery responses and testifying under oath as to all matters raised. Thus, Plaintiff will properly and adequately represent the current and former employees whom Defendants subjected to the treatment alleged.

47. Plaintiff is represented by experienced counsel, Stevenson Marino LLP and Katz Melinger PLLC, with substantial expertise in employment litigation and class action litigation. Plaintiff's counsel have the resources and expertise necessary to vigorously prosecute this class action on behalf of Plaintiff and the Rule 23 Plaintiffs.

**Superiority**

48. A class action is superior to the alternatives for the fair and efficient adjudication of the controversy alleged, because such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and

without duplication of evidence, effort, and expense that numerous individual actions would engender. This action will result in the orderly and expeditious administration of class claims. Uniformity of decisions will be assured, thereby avoiding the risk of inconsistent and varying determinations.

49. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, Defendants treated Plaintiff identically or substantially similarly to the Rule 23 Plaintiffs.

50. Any lawsuit brought by a fast-food employee of Defendants would be identical to a suit brought by any other fast-food employee for the same violations. Thus, separate litigation would risk inconsistent results.

51. The claims of individual Rule 23 Plaintiffs are likely too small to justify the expense of individual litigation, yet the aggregate claims of the Rule 23 Plaintiffs represent substantial damages. Individual litigation would be economically impracticable for most Rule 23 Plaintiffs, making class action treatment the superior method for adjudicating these claims.

52. Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other available method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## **BACKGROUND FACTS**

53. In or around March 2024, Defendants hired Plaintiff Mirna Tec Cuz to work at their Popeye's Louisiana Kitchen franchise restaurant located at 3174 Steinway Street, Astoria, New York 11103 (the "Queens Popeye's").

54. At the start of Plaintiff's employment, Defendants failed to furnish Plaintiff with any wage notice upon hire, let alone an accurate one in her native language, containing the

information required by NYLL § 195(1), including accurate information regarding her eligibility for overtime compensation, and her actual regular and overtime rates of pay.

55. Plaintiff's job duties at the Queens Popeye's included opening the store, receiving deliveries, cleaning the store, preparing the location for customers, working the cash register, handling orders, interacting with customers, and assisting with translating customer orders.

56. At the Queens Popeye's, Plaintiff worked Monday through Saturday from approximately 5:00 p.m. to 1:30 a.m. each day without uninterrupted breaks. Plaintiff consistently worked at least forty-eight (48) to fifty (50) hours per week while working at the Queens Popeye's.

57. While working at the Queens Popeye's, Defendants paid Plaintiff exclusively in cash. Defendants did not report these cash payments in Plaintiff's annual W-2 forms for tax year 2024.

58. Despite Plaintiff working well in excess of forty hours per week at the Queens Popeye's, Defendants did not pay Plaintiff the overtime premium required under the FLSA and NYLL for any hours she worked in excess of forty per week.

59. On days when Plaintiff's shift spanned more than ten hours, Defendants did not pay Plaintiff the additional one hour's pay at the minimum wage rate required by 12 NYCRR § 142-2.4.

60. In or around September 2024, Defendants transferred Plaintiff to work at their Popeye's Louisiana Kitchen franchise restaurant located at 1465 Myrtle Avenue, Brooklyn, New York 11237 (the "Brooklyn Popeye's").

61. Plaintiff's schedule at the Brooklyn Popeye's changed from week to week. Regardless of schedule, Plaintiff consistently worked at least forty-six (46) hours per week at the

Brooklyn Popeye's, and sometimes more depending on how busy the restaurant was on a given day.

62. Defendants never paid Plaintiff overtime compensation for any hours she worked in excess of forty per week at the Brooklyn Popeye's.

63. On days when Plaintiff's shift at the Brooklyn Popeye's spanned more than ten hours, Defendants likewise did not pay Plaintiff the additional hour's pay required for spread-of-hours under the NYCRR.

64. Throughout her employment at Brooklyn Popeye's, Defendants regularly changed Plaintiff's work schedules and provided less than one week's notice in advance of her weekly schedule; often providing her schedule the night before each work day.

65. Defendants never paid Plaintiff the schedule change premiums required under the NYC Fair Workweek Law, NYC Admin. Code § 20-1222, for any changes made to her work schedule.

66. On each occasion when Defendants paid Plaintiff, Defendants failed to furnish Plaintiff with any wage statements at all, let alone ones that accurately complied with NYLL § 195(3).

67. Plaintiff suffered concrete injuries in fact due to Defendants' failure to provide her with timely and accurate wage statements on each pay day or a timely and accurate wage notice upon hire because, lacking any real documentation from Defendants that confirmed her eligibility for overtime pay, and that showed her true hours and pay, she felt unable to meaningfully advocate for herself and others due to the lack of accurate information provided to her during each pay period.

68. If Plaintiff's paystubs accurately reflected the actual hours she worked and had worked, and if she would have been made aware upon hire what she was entitled to be paid for all hours during her shifts, and at time and one-half their regular rates of pay for all hours over forty, Plaintiff would have been able to advocate for herself and for her coworkers to be paid higher wages during their employment, exactly as Plaintiff is now doing through this action upon independently learning of her rights to be paid overtime.

69. Indeed, because Plaintiff was not aware that she should have received compensation for all hours and time and one-half her regular rate for all hours worked over forty, plus spread-of-hours pay for the days where she worked over ten hours from start to finish, Plaintiff waited more than a year before raising her wage complaints against Defendants, causing her to lose the time-value of the money she should have earned if she was accurately appraised of her total hours worked each week without receiving pay for all of those hours at the correct rates

70. Plaintiff's last day of employment with Defendants was December 20, 2024.

71. Each hour that Plaintiff worked was for Defendants' benefit. Defendants acted in the manner described herein so as to minimize their overhead while maximizing their profits.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the FLSA*
(On Behalf of Plaintiff and FLSA Plaintiffs)

72. Plaintiff and FLSA Plaintiffs repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

73. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

74. As described above, Defendants are "employers" within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are "employees" within the meaning of the FLSA.

75. Plaintiff and FLSA Plaintiffs worked in excess of forty hours per week, yet Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions. Plaintiff worked at least forty-eight to fifty hours per week at the Queens Popeye's and at least forty-six hours per week at the Brooklyn Popeye's, yet Defendants paid her no overtime premium for any of those hours.

76. Defendants willfully violated the FLSA by knowingly failing to pay the required overtime premium while requiring Plaintiff and similarly situated employees to work well in excess of forty hours per week, as demonstrated by Defendants paying Plaintiff in cash and failing and refusing to provide her with any wage statements/paystubs that would have reflected her entitlement to overtime compensation.

77. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

78. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages, interest, attorneys' fees, and costs for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS

*Unpaid Overtime under the NYLL and the NYCRR*

(On Behalf of Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action)

79. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

80. N.Y. Lab. Law § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

81. Defendants are "employers" within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action are "employees" within the meaning of the NYLL and the NYCRR.

82. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and NYCRR's overtime provisions.

83. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

84. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action are also entitled to liquidated damages, interest, attorneys' fees, and costs for Defendants' violations of the NYLL's and NYCRR's overtime provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Pay Spread-of-Hours in Violation of the NYCRR*
(On Behalf of Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action)

85. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

86. 12 NYCRR § 142-2.4 requires employers to pay employees an additional hour of pay at the minimum wage rate on any day in which the spread of hours -- meaning the interval

between the beginning of an employee's first shift and the end of their last shift -- exceeds ten hours.

87. Defendants are "employers" within the meaning of the NYLL and NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action are "employees" within the meaning of the NYLL and NYCRR.

88. As described above, Plaintiff and, upon information and belief, Rule 23 Plaintiffs and any FLSA Plaintiff who opts into this action were regularly required to work in excess of ten hours in a workday without being compensated for the legally mandated spread-of-hours pay.

89. This practice is in violation of 12 NYCRR § 142-2.4.

90. By reason of the foregoing, Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action for the amount of unpaid spread-of-hours wages, plus liquidated damages, interest, attorneys' fees, and costs.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**

*Failure to Provide Adequate Advance Notice of Work Schedules in Violation of the NYC Fair Workweek Law*

(On Behalf of Plaintiff and Rule 23 Plaintiffs)

91. Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

92. The New York City Fair Workweek Law requires fast food employers to provide employees with written notice of their work schedules at least 14 days before the first day of each schedule. NYC Admin. Code § 20-1221(b). Employers must post the schedule in a conspicuous place at the workplace that is readily accessible and visible to employees or transmit the schedule to the employee by electronic means. NYC Admin. Code § 20-1221(c).

93. Defendants are required to maintain records of each written schedule provided to each employee. NYC Admin. Code § 20-1206(a); 6 RCNY § 7-609(a)(1)(iii). A failure to

maintain, retain, or produce a required record that is relevant to a material fact creates a rebuttable presumption that such fact is true. NYC Admin. Code § 20-1206(b).

94. Defendants systematically failed to provide Plaintiff and Rule 23 Plaintiffs with 14 days' advance written notice of their work schedules throughout the applicable limitations period.

95. Defendants committed a violation of § 20-1221(b) of the Fair Workweek Law each week they failed to provide each employee with that employee's written work schedule 14 days in advance.

96. Plaintiff and Rule 23 Plaintiffs are entitled to recover from Defendants compensatory damages and any other relief required to make them whole, and reasonable attorneys' fees and costs.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**

*Failure to Obtain Written Consent for Additional Hours in Violation of the NYC Fair Workweek Law*

(On Behalf of Plaintiff and Rule 23 Plaintiffs)

97. Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

98. The New York City Fair Workweek Law requires fast food employers to obtain written consent from employees before adding hours to their work schedules that were not included in the employee's most recently provided written work schedule. NYC Admin. Code § 20-1221(d); 6 RCNY § 7-606(a). Employees have the right to decline any hours that the employer seeks to add to the employee's work schedule.

99. Defendants are required to maintain records that show employees' advance written consent to any schedule changes in which hours are added. NYC Admin. Code § 20-1206(a); 6 RCNY § 7-609(a)(1)(ii). A failure to maintain, retain, or produce a required record that is relevant

to a material fact creates a rebuttable presumption that such fact is true. NYC Admin. Code § 20-1206(b).

100. Defendants regularly required Plaintiff to work hours beyond those in her original schedule, including requiring her to work beyond her scheduled shift end time depending on how busy the restaurant was, without obtaining her written consent.

101. Upon information and belief, Defendants systematically required Rule 23 Plaintiffs to work additional hours not included in their written schedules without obtaining written consent throughout the applicable limitations period.

102. Defendants committed a violation of § 20-1221(d) of the Fair Workweek Law each time they failed to obtain an employee's advance written consent for hours added to the initial work schedule.

103. Plaintiff and Rule 23 Plaintiffs are entitled to recover from Defendants compensatory damages and any other relief required to make them whole, and reasonable attorneys' fees and costs.

**SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS**

*Failure to Pay Schedule Change Premiums in Violation of the NYC Fair Workweek Law*

(On Behalf of Plaintiff and Rule 23 Plaintiffs)

104. Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

105. The New York City Fair Workweek Law requires fast food employers to provide employees with premium pay for changes made to employees' work schedules any time after the 14-day statutory schedule provision date. NYC Admin. Code § 20-1222(a); 6 RCNY § 7-606(b). The amount of the premium depends upon the timing of the notice and the nature of the change: $10 for changes made with less than 14 days' notice that add hours or do not change the employee's

hours; $15 for changes made with less than 7 days' notice that add hours or do not change the employee's hours; $20 for changes made with less than 14 days' notice that subtract hours; $45 for changes made with less than 7 days' notice that subtract hours; and $75 for changes made with less than 24 hours' notice that subtract hours.

106. Defendants are required to maintain records that show each written work schedule provided to each employee, each employee's actual hours worked, and the amounts of premium pay provided to employees whose work schedules are changed with less than 14 days' notice. NYC Admin. Code § 20-1206(a); 6 RCNY §§ 7-609(a)(1) and 7-609(a)(2)(ii). A failure to maintain, retain, or produce a required record that is relevant to a material fact creates a rebuttable presumption that such fact is true. NYC Admin. Code § 20-1206(b).

107. Throughout her employment, Defendants changed Plaintiff's work schedules regularly but never paid Plaintiff any Schedule Change Premium Pay as required under NYC Admin. Code § 20-1222.

108. Upon information and belief, Defendants systematically changed Rule 23 Plaintiffs' schedules with less than 14 days' notice throughout the applicable limitations period without paying the required schedule change premiums.

109. Defendants committed a violation of § 20-1222(a) of the Fair Workweek Law each time they failed to pay the required schedule change premiums to employees whose work schedules they changed with less than 14 days' notice.

110. Plaintiff and Rule 23 Plaintiffs are entitled to recover from Defendants unpaid schedule change premiums, ranging from $10 to $75 for each violation, compensatory damages and any other relief required to make them whole, and reasonable attorneys' fees and costs.

**SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS**

*Failure to Offer Newly Available Shifts to Existing Employees in Violation of the NYC Fair Workweek Law*

(On Behalf of Plaintiff and Rule 23 Plaintiffs)

111. Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

112. The New York City Fair Workweek Law requires fast food employers to notify current employees about newly available shifts and offer those shifts to existing employees before hiring new employees or using contractors, subcontractors, or temporary services to cover those shifts. NYC Admin. Code § 20-1241. Employers must post written notice of available shifts in a conspicuous place at the workplace that is readily accessible and visible to employees for at least 72 hours before filling the shifts.

113. Defendants are required to maintain records that document their compliance with § 20-1241 for three years. NYC Admin. Code § 20-1206(a). A failure to maintain, retain, or produce a required record that is relevant to a material fact creates a rebuttable presumption that such fact is true. NYC Admin. Code § 20-1206(b).

114. Upon information and belief, Defendants systematically failed to notify current employees, including Plaintiff and Rule 23 Plaintiffs, about newly available shifts and failed to offer those shifts to existing employees before hiring new employees or using other methods to cover available shifts throughout the applicable limitations period.

115. Defendants committed a violation of § 20-1241 of the Fair Workweek Law each time they failed to offer a current employee the shifts they subsequently offered to a new hire or covered through other means at their fast food establishments.

116. Plaintiff and Rule 23 Plaintiffs are entitled to recover from Defendants compensatory damages and any other relief required to make them whole, and reasonable attorneys' fees and costs.

**EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Proper Wage Notice in Violation of the NYLL*
(On Behalf of Plaintiff and Rule 23 Plaintiffs)

117. Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

118. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria, including the rate or rates of pay and basis thereof, the overtime rate, the regular pay day, and the name and contact information of the employer.

119. As described above, Defendants are "employers" within the meaning of the NYLL, while Plaintiff and Rule 23 Plaintiffs are "employees" within the meaning of the NYLL.

120. Upon information and belief, Defendants failed to furnish Plaintiff and Rule 23 Plaintiffs with an accurate wage notice at the time of hire containing all of the criteria required under the NYLL, specifically failing to accurately include, inter alia, Plaintiff's and Rule 23 Plaintiffs' overtime rate of pay.

121. Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and Rule 23 Plaintiffs in the amount of $50.00 for each workday after the violations initially occurred, up to a statutory cap of $5,000.00 per employee.

**NINTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*
(On Behalf of Plaintiff and Rule 23 Plaintiffs)

122. Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

123. NYLL § 195(3) requires employers to furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee, including the dates of work covered by that payment of wages, the rate or rates of pay and basis thereof, gross wages, the number of regular hours worked and overtime hours worked, and net wages.

124. Defendants are "employers" within the meaning of the NYLL, while Plaintiff and Rule 23 Plaintiffs are "employees" within the meaning of the NYLL.

125. As described above, Defendants, on each payday, failed to furnish Plaintiff and Rule 23 Plaintiffs with accurate wage statements containing the criteria required under the NYLL. Specifically, the wage statements Defendants provided failed to reflect all hours actually worked by Plaintiff and Rule 23 Plaintiffs, omitted any overtime hours worked and any overtime rate of pay, and omitted cash compensation paid to Plaintiff while working at the Queens Popeye's.

126. Plaintiff's receipt of inaccurate wage statements harmed Plaintiff because she was unable to ascertain the precise wages owed to her by reviewing her wage statements, was unable to advocate for proper pay during her employment, and was required to hire counsel and file the instant action to vindicate her rights.

127. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and Rule 23 Plaintiffs in the amount of $250.00 for each workday that the violations occurred, up to a statutory cap of $5,000.00 per employee.

**TENTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Filing False Information Returns in Violation of 26 U.S.C. § 7434*
(On Behalf of Plaintiff and Rule 23 Plaintiffs)

128. Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

129. 26 U.S.C. § 7434 prohibits persons from willfully filing fraudulent information returns with the Internal Revenue Service. The statute provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person filing the fraudulent return.

130. Defendants are "persons" within the meaning of 26 U.S.C. § 7434 and were required to file accurate information returns with the Internal Revenue Service reporting all compensation paid to their employees.

131. As described above, while Plaintiff worked at the Queens Popeye's from in or around March 2024 through August 2024, Defendants paid Plaintiff exclusively in cash. These cash payments constituted wages paid to Plaintiff that were required to be reported on Plaintiff's annual information return (W-2 form) for tax year 2024.

132. Defendants filed an information return (W-2 form) for Plaintiff for tax year 2024 that omitted the cash wages Defendants paid to Plaintiff while she worked at the Queens Popeye's. By omitting this compensation, Defendants materially understated the total wages paid to Plaintiff.

133. Defendants' omissions were willful. Defendants knew they were paying Plaintiff wages in cash and intentionally excluded these payments from Plaintiff's annual W-2 form to avoid payroll tax obligations and regulatory oversight.

134. Pursuant to 26 U.S.C. § 7434, Plaintiff is entitled to statutory damages of $5,000 for each false information return filed, plus attorneys' fees and costs.

135. Upon information and belief, Defendants filed similarly false W-2 forms for other employees at the restaurants who were paid cash wages that were omitted from their annual W-2 forms. Rule 23 Plaintiffs are entitled to recover statutory damages for each false W-2 form filed on their behalf.

## DEMAND FOR A JURY TRIAL

136. Pursuant to FRCP 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs respectfully demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in violation of the Fair Labor Standards Act, the New York Labor Law and NYCRR, the New York City Fair Workweek Law, and the Internal Revenue Code;

b. Preliminary and permanent injunctions against Defendants, and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with Defendants, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA

claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL, the NYCRR, the NYC Fair Workweek Law, and the Internal Revenue Code as class actions pursuant to FRCP 23;

f. Designation of Plaintiff and her counsel as class and collective action representatives;

g. An award of damages for all unpaid overtime wages due and owing to Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs, plus liquidated damages, interest, and attorneys' fees and costs as provided for under the FLSA and NYLL;

h. An award of damages for unpaid spread-of-hours wages due and owing to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, plus liquidated damages, interest, and attorneys' fees and costs as provided for under the NYLL and NYCRR;

i. An award of statutory damages for violations of the NYC Fair Workweek Law, for failure to provide proper advance notice of work schedules, failure to obtain written consent for additional hours, failure to pay schedule change premiums, and failure to offer newly available shifts to existing employees, as provided under NYC Admin. Code § 20-1275;

j. An award of statutory damages for failure to provide proper wage notices at the time of hire as required by NYLL § 195(1), in the amount of up to $5,000.00 per employee;

k. An award of statutory damages for failure to provide accurate wage statements as required by NYLL § 195(3), in the amount of up to $5,000.00 per employee;

l. An award of statutory damages for willfully filing false information returns in violation of 26 U.S.C. § 7434, in the amount of $5,000.00 per false information return filed;

m. Pre-judgment and post-judgment interest, as provided by law;

n. An award to Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs for the costs and disbursements of this action, including reasonable attorneys' fees, expert fees, and other costs; and

o. Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: New York, New York

May 29, 2026

Respectfully submitted,

**STEVENSON MARINO LLP**

By: */s/ Michael Minkoff*
*/s/ Jeffrey Maguire*
MICHAEL R. MINKOFF, ESQ.
JEFFREY R. MAGUIRE, ESQ.
2000 Deer Park Avenue
Deer Park, NY 11729

**KATZ MELINGER PLLC**



By: ______________________________
KENNETH J. KATZ, ESQ.
370 Lexington Avenue, Suite 1512
New York, New York 10017
Tel.: (212) 460-0047
Fax: (212) 428-6811

*Attorneys for Plaintiff and Putative FLSA Collective Members and Class Members*